[No. 18733.    Department One.    January 9, 1925.]

GERTRUDE S. HILL, *Appellant*, v. WILLIAM COLE, *as Sheriff of Whitman County, et al., Respondents.*[1]

STIPULATIONS (2)—CONSTRUCTION AND EFFECT. A stipulation that a statement of facts constitutes a full and true statement of all the material facts proved at the trial, merely means that the evidence therein stated was produced at the trial.

HUSBAND AND WIFE (65)—COMMUNITY PROPERTY—CONTRACTS BETWEEN HUSBAND AND WIFE. The trial court is not required to believe the unsupported testimony of a secret oral gift between husband and wife made sixteen years before, brought forward to defeat the rights of subsequent creditors.

PEMBERTON, J., dissents.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered December 24, 1923, upon findings favorable to the defendant, in an action to quiet title, tried to the court. Affirmed.

*Dow & Dow,* for appellant.

*M. S. Jamar,* for respondents.

TOLMAN, J.—Appellant brought this action as plaintiff to obtain the removal of the lien of an attachment from certain real estate, claimed to be her separate property. From a decree granting her prayer as to an undivided eight-seventeenths interest, and holding the remaining nine-seventeenths to be the community property of herself and her husband, and therefore subject to the lien of the attachment, the plaintiff has appealed.

As we see it, there is involved here a question of fact only. The statement of facts is in narrative form and very meager, but we gather therefrom that appellant claimed, without serious dispute, that she was the possessor of four hundred dollars in cash as her separate property, the proceeds of certain personal property

[1]Reported in 231 Pac. 950.

given her by her father; that, in February, 1902, she purchased certain real estate in Pullman, Whitman county, this state, paying the four hundred dollars of separate money as a cash payment on the purchase, and she, with her husband, executed a mortgage for four hundred and fifty dollars on the property purchased to secure the balance of the purchase price. The deed was taken in her own name. The property was thereafter occupied as the family home until sold, appellant claiming that, by her personal earnings, she paid the interest on the mortgage and kept the property in repair. In 1907 this property was sold for two thousand dollars. Out of the sum so received, the mortgage was paid, and one hundred and twenty-five dollars was paid to the husband to reimburse him for certain improvements on the property paid for by him. The remainder of the purchase price, amounting to fourteen hundred and twenty-five dollars, it is claimed, by oral agreement between the husband and wife, became her separate property, and that money is traced into the property here involved.

The trial court was asked to find:

"That, after the sale of said real estate, the plaintiff and her husband orally agreed that said money, being the net proceeds from the sale of said house and lots, was and should be the sole, separate and individual money of the plaintiff, except that the plaintiff should pay to her husband one hundred and twenty-five dollars, which he had spent in building a barn on said lots, and said sum was thereupon paid to him by the plaintiff under said agreement by her husband that the same should be her separate property."

which finding he refused to make. By the findings actually made and included in the decree, it was held that the money traced into the purchase of the property now in question belonged eight-seventeenths to the wife as her separate property, and nine-seventeenths to the

community, thus in substance and effect finding that there was no gift of any part of the money above mentioned made by the husband to the wife.

The statement of facts was prepared after the case was tried below, and it is stipulated:

"That the following and hereto attached instrument, consisting of paragraphs from 1 to—, both inclusive, constitute a full and true statement of all the material facts in the above entitled cause proved at the trial thereof;"

Of course it was for the trial court to determine by his findings what facts were proved, and as this is not an agreed statement of facts upon which the case was submitted to the trial court, we think the stipulation means no more than that evidence as therein stated was produced at the trial. This being so, we cannot say that the trial court was bound to believe the unsupported testimony of interested witnesses to the effect that they had, some sixteen years before, between themselves, entered into a secret parol agreement which could now be brought forward to defeat the rights of subsequent creditors who had no notice thereof.

The judgment appealed from is affirmed.

MAIN, C. J., BRIDGES, and MACKINTOSH, JJ., concur.

PEMBERTON, J., dissents.